E-FILED
Wednesday, 05 December, 2012  01:46:00 PM
Clerk, U.S. District Court, ILCD

# APPENDIX B

**IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION**

| | | |
|---|---|---|
| DR. MARK W. STURDY d/b/a ROCHESTER VETERINARY CLINIC on behalf of itself and a class, | ) ) ) ) | |
| Plaintiff, | ) ) | 12 CV 3201 |
| v. | ) ) ) | Honorable Judge Mills |
| CEVA ANIMAL HEALTH, LLC, and JOHN DOES 1-10, | ) ) ) | Magistrate Judge Cudmore |
| Defendants. | ) ) | |

## SETTLEMENT AGREEMENT

This Settlement Agreement ("Agreement"), executed on December 5th, 2012, is entered into by and between Dr. Mark W. Sturdy d/b/a Rochester Veterinary Clinic ("Rochester Veterinary Clinic" or "Plaintiff"), individually and on behalf of the settlement class of persons defined in paragraph 2 (the "Settlement Class"), and Ceva Animal Health, LLC ("Ceva" or "Defendant"), sometimes collectively referred to herein as the "Parties."

### Recitals

A. In this lawsuit, entitled *Dr. Mark W. Sturdy d/b/a Rochester Veterinary Clinic v. Ceva Animal Health, LLC,* 12 CV 3201 (the "Lawsuit"), currently pending in the United States District Court, Central District of Illinois, Springfield Division, Plaintiff alleges that Defendant violated the Telephone Consumer Protection Act, 27 U.S.C. § 227, et seq. ("TCPA"), the Illinois Consumer Fraud Act, 815 ILCS 505/2 ("IFCA"), and Illinois common law (conversion), by causing unsolicited facsimile advertisements to be transmitted to a class of individuals from August 2008 until during or before May, 2012.

B.     Defendant denies violating the TCPA, the IFCA, or Illinois common law and further denies any liability to Plaintiff and the Settlement Class for the claims alleged. Nothing in this Agreement shall be construed as an admission of liability by Defendant for any of its acts or omissions, whether alleged or not.  Defendant desires to settle the claims solely to avoid the expense, burden, and uncertainty of further litigation, and to put to rest all claims, known or unknown, that have been or might have been asserted by the Plaintiff or the Settlement Class against Defendant concerning the matters alleged in the Lawsuit.

C.     Plaintiff, individually and on behalf of the Settlement Class, desires to settle its claims against Defendant, having taken into account through Plaintiff's counsel, Edelman, Combs, Latturner & Goodwin, LLC ("Class Counsel") the risks, delay, and difficulties involved in establishing a right to recovery in excess of that offered by this settlement and the likelihood that further litigation will be protracted and expensive.

D.     Class Counsel has investigated the facts and the applicable law.  Based on the foregoing, and upon an analysis of the benefits afforded by this Settlement Agreement, Class Counsel considers it to be in the best interest of the Settlement Class to enter into this Settlement Agreement.

E.     The Parties' stipulations and agreements regarding certification of the Class and/or the appropriateness of certification of the Class are made solely for settlement purposes, and, if the Settlement is not approved by the Court, said stipulations and agreements will become null and void.

2

F.      For purposes of this Agreement only, the Parties have determined that the Class consists of approximately 13,000 persons and entities each of whom were sent no more than two advertisements during the relevant period.

G.      For the purposes of settlement only, Defendant represents that, to the best of its knowledge and belief, it is aware of sending only two unsolicited fax advertisements to a number of recipients suitable for class treatment at or around the same time during the period of August 2008 through May 2012.  For the avoidance of doubt, Defendant makes no representation regarding the possible sending of unsolicited fax advertisements to a small number of individuals unsuitable for class treatment on isolated occasions. Plaintiff represents that, to the best of his knowledge and belief, he is aware of receiving only two fax advertisements from Defendant during the period of August 2008 through May 2012.

H.      This Agreement has been negotiated among the Parties hereto in good faith and, after arms-length discussion, the Parties reached an agreement to resolve the Released Claims on the terms and conditions set forth herein.

Accordingly, in consideration of the foregoing and other valuable consideration, Plaintiff, Class Counsel, and Defendant, agree to settle the claims of the Plaintiff and the Settlement Class, subject to the Court's approval, on the following terms and conditions.

**Terms**

1.      <u>Effective Date</u>.  If there is no objection to the Court approving this Settlement, then the Agreement shall become effective (hereinafter the "Effective Date") upon the occurrence of all of the following:

(a) the Court's entry of a final order substantially in the form of <u>Exhibit 3</u> (the "Final Approval Order"), approving this Agreement as fair, equitable, reasonable, and adequate to the Settlement Class; (b) the Court's finding

that this Agreement is fair, negotiated at arm's length and made in good faith; (c) the release of the Released Persons from the Released Claims (as those terms are defined in paragraph 10 below); and (d) the expiration of five days after the Final Approval Order becomes a final, non-appealable order or, in the event anyone objects to the Court approving this Settlement, then the expiration of five days after the date that the Court's Final Order, Judgment and Decree become a final non-appealable order, or if anyone appeals from the Final Order, Judgment and Decree, five days after a disposition of the appeal that affirms or otherwise upholds the Court's Final Order, Judgment and Decree, the terms and provisions of this Agreement, and orders the consummation of the Settlement in accordance with the terms and provisions of this Agreement.

2.      <u>Certification of Settlement Class</u>.  Solely for the purposes of settlement, the parties stipulate to the certification of a Settlement Class, which is defined as:

All persons and entities with facsimile numbers who from August 2008 through May 2012, were sent faxes by or on behalf of defendant Ceva Animal Health, LLC, promoting its goods or services for sale.

For settlement purposes only, the Parties agree that, as part of the Preliminary Approval Order (as defined in paragraph 17 herein), the Court may make preliminary findings and enter an order granting provisional certification of the Settlement Class subject to final findings and certification in the Final Approval Order, and appointing both Plaintiff and Class Counsel as representatives of the Settlement Class.  For settlement purposes only, the Settlement Class is certified pursuant to Rule 23(b)(3) of the Federal Rules of Civil Procedure.  Ceva does not consent to certification of the Settlement Class for any purpose other than to effectuate the settlement of the Action.  If this Agreement is not approved by the Court or is terminated pursuant to its terms or for any other reason, or is disapproved in a final order by any court of competent jurisdiction, (a) the order certifying the Settlement Class and all preliminary and/or final findings or stipulations regarding certification of the Settlement Class shall be automatically vacated upon notice to the Court of this Agreement's termination or disapproval; (b) this Action

4

will proceed as though the Settlement Class had never been certified and any related findings or stipulations had never been made; and (c) Ceva reserves all procedural or substantive rights as of the date of execution of this Agreement.

3.       Defendant represents that based on a review of their records, it sent advertisements promoting its goods or services for sale to approximately 13,000 unique facsimile telephone numbers.  Defendant will provide to Class Counsel the list of fax numbers exported to their broadcaster for the purpose of fax advertising based upon their records (the "Fax List").

4.       <u>Relief to Plaintiff and the Settlement Class</u>.  Ceva shall provide the following relief to Plaintiff and the Settlement Class, subject to the Court's approval:

a.       the creation of a $325,000.00 settlement fund ("Settlement Fund") which shall be divided as set forth below;

b.       $5,000.00 of the above Settlement Fund shall be paid to Plaintiff as an incentive award in recognition of its services as Class Representative, in addition to its recovery as a class member;

c.       Class Counsel shall request 30% of the Settlement Fund for attorney's fees;

d.       notice and administrative expenses will be paid from the Settlement Fund; and

e.       each class member who submits a claim form will receive a check for its pro rata share of the Settlement Fund not to exceed $1,000.00 per facsimile number, after the amounts set forth in paragraphs 4(b), 4(c), 4(d) and 13 are paid.

5.       Within 14 days of the Effective Date, Ceva shall deliver the Settlement Fund to Class Counsel or their agent for distribution to the Settlement Class.  Any award of attorneys' fees and costs and an incentive award to Plaintiff may be distributed within 14 days of the Effective Date.  Within 30 days of the Effective Date, Class Counsel or their agent shall distribute the Settlement Fund to the Class Members.

6.      Settlement Class members shall have 95 days to submit a claim form, to opt out, or object to the proposed settlement, after notice by facsimile of the proposed settlement is sent.

7.      Costs associated with notice, claims administration and distribution of settlement checks shall come from the Settlement Fund.  Class Counsel or its agent will send notice to the Settlement Class by facsimile and administer the Settlement Fund.

8.      The settlement checks to the class members will be void after 60 days from the date of issuance.

9.      *Cy Pres* Payment.  Within 30 days following the last void date of the Settlement Class members' settlement checks, any uncashed checks or unclaimed or undistributed funds will be paid equally to *cy pres* recipients selected by the Parties and approved by the Court.  It is agreed by the Parties that the *cy pres* recipients selected by the Parties shall be a charitable organization for the benefit of animal health/welfare.  The parties shall select a *cy pres* recipient and present a memorandum in support of election of that recipient at the same time the request for final approval is filed as contemplated in paragraph 18.  The Court will ultimately approve the *cy pres* recipient(s) designated by the parties.

10.      Release.  The parties grant the following releases:

a.      Upon the Effective Date, Plaintiff, Dr. Mark W. Sturdy d/b/a Rochester Veterinary Clinic, including each and every one of its respective past, present or future employees (as employees of Plaintiff), agents (as agents of Plaintiff), representatives, attorneys (as counsel for Dr. Mark W. Sturdy d/b/a Rochester Veterinary Clinic), heirs, assigns, or any other person acting on its behalf or for its benefit, or any person claiming through it (collectively "Releasors"), hereby fully releases and discharges:  (1) Ceva, as well as its predecessors and successors in interest and present, former, and future affiliates, parents, subsidiaries, insurers and its affiliates, officers, directors, agents, distributors, employees, members, shareholders, general partners, limited partners, beneficiaries, representatives, heirs,

6

assigns, and attorneys; and (2) John Does 1 through 10, as defined in paragraph 5 of the Complaint (with all the foregoing released parties in this paragraph being collectively referred to as the "Released Parties"), from all causes of action, suits, claims, or demands, in law or in equity, known or unknown at this time, which Releasors, or any of them, now have, did have, or may have in the future against the Released Parties, or any of them, under any legal theory, whether or not alleged, related to or arising from the transmission of an unsolicited advertising facsimile by or on behalf of Ceva from August 2008 through May 2012 (the "Released Claims").

b.     Each member of the Settlement Class who does not opt out hereby fully releases and discharges the Released Parties from all causes of action, suits, claims, or demands, in law or in equity, known or unknown at this time, which each such Settlement Class member now has, did have, or may have in the future against the Released Parties, or any of them, under any legal theory, whether or not alleged, related to or arising from the transmission of an unsolicited advertising facsimile by or on behalf of Ceva from August 2008 through May 2012.

11.     This Agreement may be pleaded as a full and complete defense to any action, suit or other proceeding that may be instituted or prosecuted with respect to the claims released herein.

12.     If this Agreement is not approved by the Court or for any reason does not become effective, including under paragraph 30, it shall be deemed null and void and shall be without prejudice to the rights of the parties hereto and shall not be used in any subsequent proceedings in this or any other litigation, or in any manner whatsoever.

13.     <u>Attorneys' Fees, Notice Costs and Related Matters</u>.  Class Counsel will administer the Settlement Fund and will pay the costs of notice and settlement administration out of the Settlement Fund.  Class Counsel will request approval from the Court for attorneys' fees of this lawsuit, in an amount not to exceed 30% of the Settlement Fund.  In addition, Class Counsel will also seek reimbursement of the reasonable costs of notice and

administration from the Settlement Fund.  Class Counsel will not request additional fees or costs

from Ceva or the Settlement Class other than the above-referenced sums.  Ceva agrees not to

oppose an award of fees to Class Counsel of no more than 30% of the settlement funds.   Ceva

agrees not to oppose reimbursement of reasonable expenses incurred in sending notice to the

settlement class and in administering the settlement fund.

   14. <u>Notice</u>.  Within 5 days of entry of the Preliminary Approval Order,

defendant's counsel shall provide Class Counsel with the Fax List in MS Excel format.  Within

35 days of entry of the Preliminary Approval Order, Class Counsel or their agent shall cause

actual notice in the form of <u>Exhibit 1</u> (the "Notice") to be sent to the facsimile numbers on the

Fax List.  Class Counsel or their agent may make one additional attempt to transmit the Notice

by facsimile to those numbers where the initial transmission failed.  Class Counsel may put a

copy of the Notice, but not this Settlement Agreement, on their website as part of the notice

process.

   Within 14 days of the date that the Notice was sent by facsimile, Class Counsel or

their agent may send the Notice and Claim Form one additional time by facsimile to each Class

Member identified on the Fax List who did not submit a Claim Form by that date.

   The Parties agree that the Fax List will contain approximately 15,000 numbers.

During both transmissions by Defendant, approximately 2,000 of those 15,000 failed.  The

Parties anticipate that a similar number of the Fax List transmissions will fail.  If the failure rate

exceeds 80% after subtracting the anticipated failure from the calculation, the Parties will agree

to discuss attempting to mail notice to the class members who have identifiable addresses and

who did not receive the notice by facsimile. Costs for mailing will be paid from the Settlement Fund.

Class Counsel shall retain all documents and records generated during its administration of the settlement including records of notice given to Class Members, confirmations of transmittals of such notices by facsimile, unconfirmed facsimile transmissions, claim forms, and payment to Class Members for a period of one year following the issuance of an order dismissing the Litigation with prejudice, and the expiration of all deadlines for appeal from such order. Additionally, Class Counsel shall provide a copy of these records to counsel for Defendant.

15.     <u>Right to Object</u>. Any Class Member may object to the Agreement and appear in person or through counsel, at his, her or its own expense. The deadline to object shall be 95 days from the date of entry of the Preliminary Approval Order. Any Class Member may object to the settlement by filing with the Court and mailing to Class Counsel and defendant's counsel written objections by the deadline to object that include: (a) the name, address, and facsimile phone number of the person(s) or entity seeking exclusion; (b) a statement of the objection to the Agreement; (c) an explanation of the legal and factual basis for the objection; and (d) documentation, if any, to support the objection.

16.     <u>Right of Exclusion</u>. All Settlement Class Members who properly file a timely written request for exclusion from the Settlement Class shall be excluded from the Settlement Class and shall have no rights as Settlement Class Members pursuant to this Agreement. A request for exclusion must be in writing and state the name, address, and facsimile phone number of the person(s) or entity seeking exclusion. Each request must also

contain a signed statement providing words to the effect that the person requests to be excluded

or opt out of the proposed Settlement Class in the Litigation.  The request must be mailed to

Class Counsel at the address provided in the Class Notice and received by such date as set by the

Court.  A request for exclusion that does not include all of the foregoing information, or that is

sent to an address other than the one designated in the Class Notice, or that is not received within

the time specified shall be invalid and the person(s) serving such a request shall remain a Class

Member and shall be bound as a Class Member by the terms of the Agreement, if approved.

Class Members shall have 95 days from the date of entry of the Preliminary Approval Order to

opt out of the Settlement.

17.    Preliminary Approval.  As soon as practicable after execution of this

Agreement, the Parties shall make application to the Court to approve the Preliminary Approval

Order in the form of Exhibit 2, which:

a.    Preliminarily approves this Agreement as fair, adequate and reasonable under the circumstances of this case;

b.    Certifies the Settlement Class defined in paragraph 2 for settlement purposes;

c.    Appoints Edelman, Combs, Latturner & Goodwin, LLC as Settlement Class Counsel and Dr. Mark W. Sturdy d/b/a Rochester Veterinary Clinic as Class Representative;

d.    Schedules a hearing for final approval of this Agreement;

e.    Approves the form of notice to the Class in the form of Exhibit 1, to be directed to the facsimile telephone numbers on the Fax List;

f.    Finds that facsimile transmission of the Class Notice under Paragraph 14 is the only notice required and directs that such notice be sent to the Class Members and also finds that such notice fully satisfies the requirements of due process and Federal Rule of Civil Procedure 23;

    g.      Requires that Ceva provide notice of this settlement to the appropriate state and federal authorities in compliance with the Class Action Fairness Act ("CAFA"); and

    h.      Sets deadlines for submission of claim forms, opt outs, appearances and objections to the Settlement Agreement.  The time period to submit a claim form, opt out, appear and/or object to the Settlement shall be 95 days from the date of entry of the Preliminary Approval Order.

    18.    <u>Final Approval</u>.  At the conclusion of, or as soon as practicable after, the hearing on the fairness, reasonableness and adequacy of this Agreement, and the expiration of 90 days from the preliminary approval of the settlement (as required by CAFA), Plaintiff, and Class Counsel, shall request that the Court enter a Final Approval Order in the form of <u>Exhibit 3</u>  The Final Approval Order shall:

    a.      find that the notice given to Settlement Class members in this action satisfies the requirements of due process and the requirements of applicable state law and FED. R. CIV. P. 23;

    b.      find that the Agreement is negotiated in good faith, at arm's length and is fair, reasonable and adequate to the Class, find that each member of the Class (except those who have excluded themselves) shall be bound by this Agreement and conclude that this Agreement should be and is approved;

    c.      enjoin each member of the Class (except those who have excluded themselves) from instituting claims related to or arising from the Released Claims;

    d.      address Class Counsel's request for attorneys' fees and costs and any incentive award to the Plaintiff;

    e.      address Class Counsel's request for reimbursement of reasonable expenses incurred in giving notice to the class and administering the Settlement Fund;

    f.      order the Defendant to deliver sums equal to the Settlement Fund to Class Counsel within 14 days of the entry of the Final Approval Order;

    g.      direct the Defendant to file a Notice of Compliance within 14 days of the Effective Date, attesting that the Settlement Fund has been paid in full to Class Counsel;

h.      identify the *cy pres* recipient(s); and

i.      set a date for the Parties to report on the final accounting of the Settlement Fund.

19.     The Parties agree to request the entry of a Final Approval Order, <u>Exhibit 3</u>.  The Parties also agree to request the Court to approve the Notice, <u>Exhibit 1</u>.  The Parties also agree to propose the Preliminary Approval Order, <u>Exhibit 2</u>.  The fact that the Court may require non-substantive changes to Exhibits 1 through 3 does not invalidate this Agreement.

20.     Defendant represents that it has not sent or caused to be sent any unsolicited advertising facsimiles that would violate the TCPA, the IFCA, or state law after May, 2012.

21.     <u>Release of Attorneys' Lien</u>.  In consideration of this Agreement, Class Counsel hereby waives, discharges and releases the "Released Parties," as defined in paragraph 10(a) above, of and from any and all claims for attorneys' fees, by lien or otherwise, for legal services rendered by Class Counsel in connection with this Class Action Complaint, other than the amount awarded by the Court as specified above.

22.     <u>Applicable Law</u>. This Agreement shall be governed by and interpreted in accordance with the laws of Illinois.

23.     <u>Miscellaneous Provisions</u>. The Parties and their attorneys agree to cooperate fully with one another in seeking approval of this Agreement, and to use their best efforts to effect the consummation of this Agreement and the settlement provided for herein. Whether or not this Agreement and the settlement contemplated hereunder are consummated, this Agreement and the proceedings had in connection herewith shall in no event be construed as,

12

or be deemed to be, evidence of an admission or concession on the part of Ceva of any liability or wrongdoing whatsoever.

24.  <u>Benefit of this Agreement</u>.  This Agreement shall be binding upon and inure to the benefit of the Plaintiff, the Released Parties as defined in Paragraph 10(a), the members of the Settlement Class not opting out, and each of their successors and personal representatives, predecessors, affiliates, heirs, executors and assigns.

25.  <u>Authority</u>.  The Parties hereby represent to one another that they have full power and authority to enter into this Agreement and carry out their obligations.  The corporate Parties and the Third Parties, referenced in paragraph 10(a) further represent that all necessary corporate action has been duly taken to authorize the execution and delivery of this Agreement and that this Agreement has been duly executed and delivered.

26.  <u>Entire Agreement</u>.  Any and all prior understandings and agreements between the Parties with respect to the subject matter of this Agreement are merged into and with this Agreement, which fully and completely expresses the entire agreement and understanding of the Parties with respect to the subject matter hereof.  For the avoidance of doubt, the Recitals at the beginning of the Agreement are to be construed and interpreted as substantive provisions of the Agreement.

27.  <u>Amendments.</u>  This Agreement may be amended, modified or changed only by a written instrument or instruments executed by duly authorized officers or other representatives of the Parties expressly amending, modifying or changing this Agreement and may not be amended, modified or changed orally.

28.  <u>Counterparts</u>.  This Agreement may be executed in counterparts, each of

13

which shall be deemed an original, but all of which together shall constitute the same instrument. Signatures provided by telecopier shall be deemed legal and binding for all purposes.

29.     <u>Headings</u>.  The headings in this Agreement are for convenience of reference only and are not to be taken to be a part of the provisions of this Agreement, nor to control or affect meanings, constructions or the effect of the same.

30.     <u>Right to Set Aside Settlement Agreement</u>. Any Party shall have the right, but not the obligation, to set aside or rescind this Settlement Agreement, if any of the following events occur:

> a.  More than 50 Class Members submit timely, valid requests for exclusion from this Settlement;
>
> b.  If any objection to the Settlement is sustained by the Court; or
>
> c.   If there are any substantive modifications to this Agreement by the Court, by any other court, or by any tribunal, agency, entity, or person that are not approved or requested by all of the Parties.

31.     <u>Dismissal Order</u>.  Within 14 days after the Final Approval Order is entered, Defendant shall deliver the Settlement Fund to Class Counsel.  The Settlement Fund shall be deposited in Class Counsel's client trust account and held for distribution until the Effective Date.  Ten days after the Settlement Fund has been deposited into Class Counsel's client trust account or the Settlement Fund check clears the bank, Plaintiff shall present an order dismissing the claims of Plaintiff and the Class Members, except those who have opted out of the Settlement, against Defendant Ceva with prejudice and without costs, with the remaining claims of the opt outs dismissed without prejudice.

IN WITNESS WHEREOF, the Parties have caused this Agreement to be duly

executed and delivered by their duly authorized representatives on the date first written above.

**PLAINTIFF**                                          **DEFENDANT**
Dr. Mark W. Sturdy d/b/a                        *Ceva Animal Health, LLC*
Rochester Veterinary Clinic


By: _____ 12-4-12          By: _____


Its: _____ OWNER _____              Its: _____



**Approved as to form:**

_____

Daniel A. Edelman
Julie Clark                                          Russell J. Keller
EDELMAN, COMBS, LATTURNER            STINSON MORRISON
    & GOODWIN, LLC                            HECKER LLP
120 S. LaSalle Street, 18th Floor           1201 Walnut Street, Suite 2900
Chicago, IL 60603                              Kansas City, MO 64106
(312) 739-4200                                  (816) 842-8600
(312) 419-0379 (FAX)                          (816) 691-3495 (FAX)
*Counsel for Plaintiff and the Class*         *Counsel for Defendant*

15

IN WITNESS WHEREOF, the Parties have caused this Agreement to be duly

executed and delivered by their duly authorized representatives on the date first written above.

**PLAINTIFF**
Dr. Mark W. Sturdy d/b/a
Rochester Veterinary Clinic


By: _____


Its: _____

**DEFENDANT**
*Ceva Animal Health, LLC*


By: _____


Its: *Associate General Counsel*
     *& Secretary*


**Approved as to form:**

_____
Daniel A. Edelman
Julie Clark
EDELMAN, COMBS, LATTURNER
     & GOODWIN, LLC
120 S. LaSalle Street, 18th Floor
Chicago, IL 60603
(312) 739-4200
(312) 419-0379 (FAX)
*Counsel for Plaintiff and the Class*

Russell J. Keller
STINSON MORRISON
HECKER LLP
1201 Walnut Street, Suite 2900
Kansas City, MO 64106
(816) 842-8600
(816) 691-3495 (FAX)
*Counsel for Defendant*

15

# EXHIBIT 1

# NOTICE OF PROPOSED CLASS ACTION SETTLEMENT

**IF YOU RECEIVED UNSOLICITED ADVERTISING FAXES FROM CEVA ANIMAL HEALTH, LLC
PLEASE READ THIS NOTICE CAREFULLY.
IF YOU WISH TO BE PAID BENEFITS UNDER THIS SETTLEMENT, SUBMIT A CLAIM FORM BY DATE, 2013.**

**To All Members of the Following Class:**

*All persons and entities with facsimile numbers who from August 2008 through May 2012, were sent faxes by or on behalf of defendant Ceva Animal Health, LLC, promoting its goods or services for sale.*

### I. WHY IS THIS NOTICE BEING SENT?

This notice is being sent to let people know that they may be eligible to receive their pro rata share, up to $1,000.00, of a Settlement Fund described below under a proposed settlement of a class action lawsuit if they submit a claim form by **DATE, 2013**. The lawsuit is pending in federal court in Springfield, Illinois. The hearing to approve the settlement will be held on **DATE, 2013 at TIME a.m.** before Judge Byron Cudmore.

### II. WHAT IS THE LAWSUIT ABOUT?

Plaintiff Dr. Mark W. Sturdy d/b/a Rochester Veterinary Clinic ("Plaintiff") sued Ceva Animal Health, LLC ("Defendant"), alleging that it received two unsolicited facsimile advertisements from Defendant and that the sending of these faxes violated a federal law called the Telephone Consumer Protection Act. Plaintiff sought to represent a class of persons to whom Defendant sent these facsimiles. Defendant denies these allegations but has agreed to settle to avoid the costs and uncertainties of litigation. Defendant will vigorously defend the lawsuit if the proposed settlement is not approved.

### III. WHAT IS THE PROPOSED SETTLEMENT?

The parties to the lawsuit have agreed to settle after extensive negotiations. Under the proposed settlement, Defendant, has agreed to pay a Settlement Fund in the amount of $325,000. The Settlement Fund will cover an award to the Plaintiff ($5,000, in addition to its recovery as a class member), attorney's fees (in the amount of $97,5000 or 30% of the Settlement Fund), plus reimbursement of reasonable costs of notice and administration incurred. After these amounts are deducted, each Class Member who submits a valid claim by **DATE, 2013** will receive an equal share of the remaining funds, up to a maximum of $1,000.00. Your share of the settlement fund depends on how many Class Members submit claim forms. This notice is being sent to approximately 13,000 persons or entities.

### IV. HOW DO I GET A PAYMENT?

If you are part of the class described above, complete and submit the claim form to **EDELMAN, COMBS, LATTURNER & GOODWIN, LLC (27187), 120 S. LaSalle St., 18th Floor, Chicago, IL 60603 or (FAX)**. Claim forms must be received by **DATE, 2013**.

### V. WHAT AM I GIVING UP?

If the settlement becomes final, you will be releasing Defendant of any claims relating in any way to their sending of unsolicited advertising facsimiles from August 2008 through May 2012. This release is more fully explained in paragraph 10 of the Settlement Agreement. You will need to reference case number 12 CV 3201. The Settlement Agreement is available at the Clerk's Office, U.S. District Court for the Central District of Illinois, 151 U.S. Courthouse, 600 E. Monroe St., Springfield, IL 62701 or from Settlement Class Counsel during regular business hours.

### VI. EXCLUDING YOURSELF FROM THE SETTLEMENT

You will be a member of the Settlement Class unless you exclude yourself from the Settlement Class. You need not take any action to remain in the Settlement Class but you need to submit a Claim Form by **DATE, 2013** to be eligible to receive a payment.

If you want to keep the right to sue Defendant over the legal issues in this case, then you must take steps to get out of the settlement.

This is called asking to be excluded from – or sometimes called "opting out" of – the class. To exclude yourself from the settlement, you must send a letter saying that you want to be excluded from the *Dr. Mark W. Sturdy d/b/a Rochester Veterinary Clinic v. Ceva Animal Health, LLC,* Case No. 12 CV 3201, class action settlement. Be sure to include your name, address and the number for the facsimile machine on which you were sent a fax advertisement and your signature. Send the letter to **Class Counsel at the address provided in paragraph VIII.** The letter must be sent to the correct address, be received by **DATE, 2013** and contain all the required information or the request will be invalid and you will remain a Class Member and shall be bound as a Class Member by the terms of the Class Settlement. If you opt out, you will not receive any payment from the Settlement Fund, you cannot object to the Settlement and you will not be bound by anything that happens in this lawsuit.

### VII. OBJECTING TO THE SETTLEMENT.

Either on your own or through an attorney you hire, you can tell the Court that you don't agree with the settlement or some part of it. You must explain why you think the Court should not approve the settlement. To object, you must send a letter saying that you object to the settlement in *Dr. Mark W. Sturdy d/b/a Rochester Veterinary Clinic v. Ceva Animal Health, LLC,* Case No. 12 CV 3201. Be sure to include your name, address and the telephone number for the facsimile machine on which you were sent a fax advertisement, a statement of your objection, an explanation of the legal and factual reasons you object to the settlement and documentation, if any, to support your objection, which must be received by **DATE, 2013**. The Court will consider your views if you properly submit an objection on time.

Objecting is simply telling the Court that you don't like something about the Settlement. You can object ONLY if you stay in the class. If you exclude yourself, you can't object. Any objections or appearances must be filed with the Court and reference 12 CV 3201 and sent to **Class Counsel at the address provided in paragraph VIII and Defendant's Counsel at the following address: Russell J. Keller, STINSON MORRISON HECKER LLP, 1201 Walnut Street, Suite 2900, Kansas City, MO 64106.**

### VIII. WHO REPRESENTS THE CLASS?

The Court has appointed the following law firm to represent you and other members of the Settlement Class in this lawsuit:

**EDELMAN, COMBS, LATTURNER & GOODWIN, LLC (27187)**
120 S. LaSalle St., 18th Floor          Chicago, IL 60603
(312) 917-450XX    (FAX)          www.edcombs.com

This firm represents your interests in this lawsuit. You may contact them with any questions that you have about the lawsuit or the Settlement. You do not have to pay the fees of Class Counsel. You may also hire your own attorney at your own cost to appear on your behalf.

### IX. CAN I GET MORE INFORMATION?

This notice is intended only as a summary of the lawsuit and proposed settlement. It is not a complete statement of the lawsuit or the proposed settlement. You may inspect the pleadings and other papers (including the proposed Settlement Agreement) that have been filed in Case No. 12 CV 3201, at the office of the Clerk of the Court, U.S. District Court for the Central District of Illinois, 151 U.S. Courthouse, 600 E. Monroe St., Springfield, IL 62701 or from Settlement Class Counsel during regular business hours.

If you have questions about this notice or the proposed settlement, you may contact Settlement Class Counsel at the address and phone number listed above. **DO NOT CONTACT THE COURT OR DEFENDANT FOR INFORMATION.**

BY ORDER OF THE U.S. DISTRICT COURT, C .D. Ill.

### <u>CLAIM FORM</u>

***DR. MARK W. STURDY d/b/a/ ROCHESTER VETERINARY CLINIC v. CEVA ANIMAL HEALTH, LLC***
**(C.D. Ill. 12- CV-3201)**

**TO RECEIVE A PAYMENT UNDER THIS SETTLEMENT AGREEMENT, THIS CLAIM FORM MUST BE FAXED OR POSTMARKED ON OR BEFORE <u>DATE, 2013</u> TO THE FOLLOWING:**

**EDELMAN, COMBS, LATTURNER & GOODWIN, LLC (27187)**
**120 S. LaSalle St., 18th Floor**
**Chicago, IL  60603**
**(FAX)**

Please print or type the following information:

FAX NUMBER THAT RECEIVED THIS NOTICE:     _____

NAME/ADDRESS OF PERSON OR ENTITY THAT SUBCRIBED TO THE FAX NUMBER ABOVE:

NAME:             _____

ADDRESS:        _____

CITY/STATE:     _____

ZIP CODE:        _____

By signing this claim form, I am declaring that the foregoing is true and correct and that I subscribed to the fax number(s) identified above.

_____
Signature

**IT IS YOUR RESPONSIBILITY TO KEEP A CURRENT ADDRESS**
**ON FILE WITH THE CLASS COUNSEL**

# EXHIBIT 2

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE CENTRAL DISTRICT OF ILLINOIS**
**SPRINGFIELD DIVISION**

| | | |
|---|---|---|
| DR. MARK W. STURDY d/b/a | ) | |
| ROCHESTER VETERINARY CLINIC | ) | |
| on behalf of itself and a class, | ) | |
| | ) | |
| Plaintiff, | ) | 12 CV 3201 |
| | ) | |
| v. | ) | |
| | ) | Honorable Judge Mills |
| CEVA ANIMAL HEALTH, LLC, | ) | Magistrate Judge Cudmore |
| and JOHN DOES 1-10, | ) | |
| | ) | |
| Defendants. | ) | |

**ORDER GRANTING MOTION FOR**
**PRELIMINARY APPROVAL OF SETTLEMENT**

The Motion of plaintiff Dr. Mark W. Sturdy d/b/a Rochester Veterinary Clinic ("Plaintiff") for Preliminary Approval of Class Action Settlement and Notice to the Class with defendant Ceva Animal Health, LLC ("Ceva" or "Defendant") came on for hearing on [DATE, 2012].

Having considered Plaintiff's moving papers, the signed Settlement Agreement and Release (the "Agreement") attached as <u>Appendix B</u> to Plaintiff's Motion for Preliminary Approval, and all other evidence submitted concerning Plaintiff's motion, and being duly advised in the premises, the Court hereby finds that:

(a) The settlement proposed in the Agreement has been negotiated in good faith at arm's length and is preliminarily determined to be fair, reasonable, adequate, and in the best interests of the Settlement Class (as defined below).

(b) The Class Notice (as described in the Agreement) fully complies with Federal Rule of Civil Procedure 23(c)(2)(B) and due process, constitutes the best notice practicable under

1

the circumstances, and is due and sufficient notice to all persons entitled to notice of the settlement of the Lawsuit.

(c)     With respect to the Settlement Class, this Court finds that, for settlement purposes only, certification is appropriate under Federal Rule of Civil Procedure 23(a) and (b)(3).  This Court finds that members of the Settlement Class will receive notice of the settlement through the notice program described below.

**IT IS THEREFORE ORDERED THAT:**

1.     The settlement proposed in the Agreement has been negotiated in good faith at arm's length and is preliminarily determined to be fair, reasonable, adequate, and in the best interests of the Settlement Class in light of the factual, legal, practical and procedural considerations raised by this case.

2.     The following class (the "Settlement Class") is preliminarily certified solely for the purpose of settlement pursuant to Federal Rule of Civil Procedure 23(a) and (b)(3):

> All persons and entities with facsimile numbers who from August 2008 through May 2012, were sent faxes by or on behalf of defendant Ceva Animal Health, LLC, promoting its goods or services for sale.

3.     The Court preliminarily appoints Rochester Veterinary Clinic as representative of the Settlement Class and finds that it meets the requirements of Fed. R. Civ. P. 23.

4.     The Court preliminarily appoints the following lawyers as counsel to the Settlement Class and finds that counsel meets the requirements of Fed. R. Civ. P. 23:  Daniel A. Edelman and Julie Clark of Edelman, Combs, Latturner and Goodwin, LLC, 120 S. LaSalle Street, 18th Floor, Chicago, Illinois 60603.

5.     If (i) the Agreement is terminated pursuant to its terms; (ii) Defendant withdraws from the Settlement Agreement; (iii) the Agreement, the Preliminary Approval Order, and the

Final Approval Order do not for any reason become effective; or (iv) the Agreement, Preliminary Approval Order, and Final Judgment and Order are reversed, vacated, or modified in any material respect, then (a) all orders entered pursuant to the Settlement Agreement shall be deemed vacated, including without limitation the certification of the Settlement Class and all other relevant portions of this Order, (b) this case shall proceed as though the Settlement Class had never been certified, and (c) no reference to the prior Settlement Class, or any documents related thereto, shall be made for any purpose. If the settlement does not become final in accordance with the terms of the Agreement, then the Final Approval Order shall be void and shall be deemed vacated. Defendant retains the right to oppose class certification if the settlement is vacated, and the doctrines of res judicata, collateral estoppel or law of the case shall not be applied.

6.      Plaintiff's Counsel or the Administrator shall give notice of the settlement, its terms, the right to opt out, appear and the right to object to the settlement as set forth in the Agreement. The Agreement's plan for class notice is the best notice practicable under the circumstances and satisfies the requirements of due process and Fed. R. Civ. P. 23. That plan is approved and adopted.

7.      The form of notice that Settlement Class Counsel or their agent will provide is attached as Exhibit 1 to the Agreement. By [DATE, 2013], Plaintiff's Counsel or its agent will send the Notice substantially in the form of Exhibit 1 by facsimile to each Class Member identified on the Fax List. This notice program fully complies with the requirements of Federal Rule of Civil Procedure 23(c)(2)(B) and due process, constitutes the best notice practicable under the circumstances, and is due and sufficient notice to all persons entitled to notice of the proposed settlement of this lawsuit. Within 14 days of the date that Notice was sent by

facsimile, Plaintiff's Counsel or their agent may provide a second notice in the form of <u>Exhibit 1</u> to the Agreement by facsimile, if practicable.  The Court finds that no other notice is necessary. The Administrator and/or Settlement Class Counsel shall provide the Notice and/or the Claim Form to Class Members who call to request it.

8.      To effectuate the settlement, the Court establishes the following deadlines for the events set forth in the Agreement and directs the Parties to incorporate the deadlines in the Notice and Claim Form:

(a)      Claim Forms shall be returned by Class Members to Settlement Class Counsel or their agent by fax or mail postmarked on or before [DATE, 2013].  Claims not submitted by this date shall be barred.

(b)      Objections of Class Members or any appearance of an attorney on behalf of a Class Member shall be filed in this Court and served by fax or mail postmarked to Class Counsel and Defendant's counsel on or before [DATE, 2013], or shall be forever barred.  Each objection must contain the following information:  (a) the objector's name (or business name, if the objector is an entity), address and telephone number; (b) the telephone number for the facsimile machine on which the Settlement Class Member was sent the fax; (c) a statement of the objection to the Agreement; (d) an explanation of the legal and factual basis for the objection; and (e) documentation, if any, to support the objection.

(c)      All memoranda filed by any Class Member in connection with objections must be filed in this Court and served on Plaintiff's Counsel and counsel for Defendant by fax or mail postmarked on or before [DATE, 2013], or shall be forever barred.

(d)      Requests by any Class Member to opt out of the settlement must be faxed or mailed to Defendant's counsel and Settlement Class Counsel or their agent on or before [DATE, 2013], or shall be forever barred.  A notice of intention to opt out must contain the following information:  (a) the Class Member's name, address, and telephone number; (b) the telephone number for the facsimile machine on which the Class Member was sent the fax; (c) the Class Member's signature or that of the Class Member's representative (such as a business's officer or manager); and (d) a statement to the effect that the Class Member does not want to participate in the settlement and waives all rights to any benefits of the settlement.

9.      Plaintiff's Counsel or their Administrator shall file an affidavit regarding notice by [DATE, 2013].

10.      Defendant shall file proof of compliance with the notice requirements of the Class Action Fairness Act of 2005, 28 U.S.C. § 1715(b), no later than [DATE, 2013].

11.      Plaintiff's Counsel shall file with the Court a list of the individual members of the Settlement Class seeking exclusion by [DATE, 2013].

12.      The final hearing to determine whether the settlement is fair, reasonable, and adequate, and whether it should be approved by the Court, will be conducted on [DATE, 2013] at _____.

13.      All papers in support of or in opposition to the Agreement shall be filed [DATE, 2013].  Any responses to objections shall be filed with the Court on or before [DATE, 2013]. There shall be no replies from objectors.

14. In the event that the settlement does not become final and the Effective Date does not occur in accordance with the terms of the Agreement, then this Order shall be void and shall be deemed vacated.

15. The Court may, for good cause, extend any of the deadlines set forth in this Order or adjourn or continue the final approval hearing without further notice to the Settlement Class.

Dated: _____        _____
                                                                        Judge

# EXHIBIT 3

**IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION**

DR. MARK W. STURDY d/b/a           )
ROCHESTER VETERINARY CLINIC        )
on behalf of itself and a class,   )
                                   )
            Plaintiff,             )        12 CV 3201
                                   )
      v.                           )
                                   )        Honorable Judge Mills
CEVA ANIMAL HEALTH, LLC,           )        Magistrate Judge Cudmore
and JOHN DOES 1-10,                )
                                   )
            Defendants.            )

**<u>ORDER FINALLY APPROVING THE SETTLEMENT</u>**

On DATE, 2012, this Court entered an order granting preliminary approval (the "Preliminary Approval Order") of the settlement between Plaintiff, on its own behalf and on behalf of the Settlement Class (as defined below), and Defendant, as memorialized in the Settlement Agreement (the "Agreement").

On [DATE, 2013], the Court held a fairness hearing (the "Fairness Hearing"), for which members of the Settlement Class had been given appropriate notice and were invited, including those with any objections. An opportunity to be heard was given to all persons requesting to be heard in accordance with the Preliminary Approval Order. Having considered the Parties' Agreement, Plaintiff's Memorandum in Support of Final Approval of the Class Action Settlement and all other evidence submitted,

**IT IS HEREBY ORDERED THAT:**

1.      This Court has jurisdiction over Plaintiff, Defendant, members of the Settlement Class, and the claims asserted in the Lawsuit.

2.      The Settlement Agreement was entered into in good faith following arm's length negotiations and is non-collusive.

3.      This Court grants final approval of the Agreement, including but not limited to the releases in the Agreement, and finds that it is in all respects fair, reasonable, and in the best interest of the Settlement Class.   No objections were filed. Therefore, all members of the Settlement Class who have not opted out (*i.e.*, <u>identify those parties who opt out</u>) are bound by this Order Finally Approving the Settlement and the Settlement Agreement.

### Class Certification

4.      The previously certified class (the "Settlement Class") is now finally certified pursuant to Federal Rule of Civil Procedure 23(a) and (b)(3):

> All persons and entities with facsimile numbers who from August 2008 through May 2012, were sent faxes by or on behalf of defendant Ceva Animal Health, LLC, promoting its goods or services for sale.

5.      The Court finds that certification solely for purposes of settlement is appropriate in that (a) the class is so numerous that joinder of all members is impracticable; (b) there are questions of law and fact common to the class that predominate over any questions affecting only individual class members; (c) Plaintiff's claims are typical of the claims of the class; (d) Plaintiff will fairly and adequately protect the interests of the class; (e) Edelman, Combs, Latturner & Goodwin, LLC is adequate class counsel; and (f) a class action is the superior method for the fair and efficient adjudication of this controversy.

6.      Dr. Mark W. Sturdy d/b/a Rochester Veterinary Clinic is designated as representative of the Settlement Class.

7.      Daniel A. Edelman and Julie Clark of Edelman, Combs, Latturner and Goodwin, LLC are appointed as Settlement Class Counsel.

8.     The certification of the Settlement Class is non-precedential and without prejudice to Defendant's rights if the Settlement Agreement and this Order Finally Approving the Settlement do not become effective as provided in the Settlement Agreement.

### Class Notice

9.     The Class Notice (as described in the Agreement) fully complies with the requirements of Federal Rule of Civil Procedure 23(c)(2)(B) and due process, constitutes the best notice practicable under the circumstances, and is due and sufficient notice to all persons entitled to notice of the settlement of the Action.  The Court has approved the forms of notice to the Settlement Class.

10.     With respect to the Settlement Class, this Court finds that certification is appropriate under Federal Rule of Civil Procedure 23(a) and (b)(3).  Notice was given by facsimile to each Settlement Class Member whose identity could be identified through reasonable effort.  This form of Class Notice fully complies with the requirements of Rule 23(c)(2)(B) and due process, constitutes the best notice practicable under the circumstances, and is due and sufficient notice to all persons entitled to notice of the settlement of this lawsuit.   A total of  _____ valid and timely claim forms were submitted.

### Objections and Opt-Outs

11.      No objections were filed by Class Members.

12.     A total of ___ entities have validly requested exclusion from the Settlement Class. The entities that have validly opted out of the settlement are:  [identify opt outs].

### Class Compensation

13.     In accordance with the terms of the Agreement, Defendant shall pay the Settlement Amount set forth in paragraph 4 of the Agreement pursuant to the procedures set forth in paragraph 5 of the Agreement.

**Releases**

14.     Upon the payments described in paragraphs 5 of the Agreement, Plaintiff and each Settlement Class Member shall be deemed to have granted the releases set forth in paragraph 10 of the Agreement.

**Award of Attorneys' Fees, Costs, and Incentive Award**

15.     The Court has considered Settlement Class Counsel's application for attorneys' fees.  The Court awards $97,500, and finds this amount of fees is fair and reasonable.  Settlement Class Counsel is also awarded reasonable costs incurred in providing notice to the Class and in administering the Settlement Fund. These costs have been sufficiently supported. [Any costs that were forwarded to Plaintiff's Counsel for notice and administrative expenses were previously deducted from the Settlement Fund and are not reimbursed herein.]  These amounts shall be paid from the Settlement Fund.

16.     The Court grants Settlement Class Counsel's request for an incentive award to the class representative and awards $5,000 to Dr. Mark W. Sturdy d/b/a Rochester Veterinary Clinic. The Court finds that this payment is justified by the class representative's service to the Settlement Class.  This payment shall be made from the Settlement Amount.

**Injunction**

17.     The Court permanently enjoins each member of the Class (except those who have excluded themselves) from instituting claims related to or arising from the claims that were released in paragraph 10 of the Agreement.

4

## Other Provisions

18.     The Parties to the Agreement shall carry out their respective obligations thereunder.

19.     Neither the Agreement, this Order Finally Approving the Settlement, nor any of their provisions, nor any of the documents (including but not limited to drafts of the Settlement Agreement, the Preliminary Approval Order or the Order Finally Approving the Settlement), negotiations, or proceedings relating in any way to the settlement, shall be construed as or deemed to be evidence of an admission or concession of any kind by any person, including Defendant, and shall not be offered or received in evidence in this or any other action or proceeding except in an action brought to enforce the terms of the Agreement or except as may be required by law or court order.

20.     The Court directs the Defendant to deliver the Settlement Fund to Settlement Class Counsel within 14 days of the date this order is entered.  Within 10 days after receipt of the Settlement Fund, Plaintiff shall present an order dismissing the lawsuit with prejudice as to the Settlement Class and without prejudice as to the those who have opted out, and without costs.

21.     The Court orders Settlement Class Counsel to hold the Settlement Fund in the firm's escrow account until the Effective Date of the Settlement Agreement and then deliver the Settlement Fund to the Administrator, less attorney's fees and costs approved by the Court, within three business days of the Effective Date.  If the order of Final Approval is withdrawn or vacated by this Court or reversed on appeal, Settlement Class Counsel shall return the Settlement Fund to Defendant Ceva within three business days.

22.     The parties designate the following as *cy pres* recipients, which they agreed would be charitable organizations dedicated to animal health/welfare:

[_____].  Settlement Class Counsel or their Administrator shall provide and distribute checks payable to these charities.

23.     Settlement Class Counsel or their Administrator shall file an affidavit of final accounting of the settlement by [DATE, 2013].

24.     Strategic Claims Services at 600 N. Jackson St., Suite 3, Media, PA 19063 will be the Class Administrator.

Dated: _____                    _____
                                                 Judge